IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-86-FL

ANDREW GLENN MARLOW, )
)
    Plaintiff, )
)
v. )
) **MEMORANDUM &**
) **RECOMMENDATION**
MICHAEL J. ASTRUE )
Commissioner of Social Security, )
)
    Defendant. )

This matter is before the Court upon the parties' cross-motions for Judgment on the Pleadings. (DE's-11, 15). The time for the parties to file any responses or replies has expired, and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-11) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-15) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") on May 11, 2005 alleging that he became disabled on June 30, 2002. (Tr. 88). This application was denied initially and upon reconsideration. *Id.* at 528. A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled during the relevant time period in a decision dated

1

May 19, 2008. *Id.* at 528-535. In this decision, the ALJ determined that Plaintiff had several severe impairments, including depression. *Id*. at 530. On June 12, 2009, the Social Security Administration's Office of Hearings and Appeals ("Appeals Council") granted Plaintiff's request for review and remanded the case for further evaluation. *Id.* at 562-565. In doing so, the Appeals Council noted, *inter alia*, that the ALJ failed to provide a "specific rationale for the 'B' criteria rating" when evaluating Plaintiff's mental condition *Id*. at 563. Accordingly, the Appeals Council instructed the ALJ to further evaluate Plaintiff's mental impairment with the special technique described in 20 CFR 404.1520a(c). *Id*. at 564. On October 2, 2009, an ALJ again determined that Plaintiff was not disabled during the relevant time period. *Id*. at 16-25A. Notably, Plaintiff's depression was now deemed non-severe. *Id.* at 18-21. However, the special technique described in 20 CFR 404.1520a(c) was not explicitly used to assess Plaintiff's depression in the October 2, 2009 decision. The Appeals Council denied Plaintiff's second request for review on March 31, 2011, rendering the ALJ's October 2, 2009 determination as Defendant's final decision. *Id.* at 6-10. Plaintiff filed the instant action on May 31, 2011. (DE-1).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g)

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

3

Case 4:11-cv-00086-FL   Document 18   Filed 05/18/12   Page 3 of 7

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

Plaintiff was insured for DIB through September 30, 2004. (Tr. 88). A person must be insured for disability insurance benefits in order to be eligible for such benefits. 42 U.S.C. § 423(a)(1). *See also*, 20 C.F.R. § 404.315. Therefore, the inquiry is whether substantial evidence supports the ALJ's finding that Plaintiff's impairments were not disabling on or before September 30, 2004.

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful employment. (Tr. 18). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) status post non-displaced sacral fracture; 2) degenerative disc disease-lumbar spine; 3) osteoarthritis with degenerative changes-bilateral knees; and 4) a history of alcohol abuse. *Id.* Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 21. The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with restrictions. *Id.* at 22. Based on this finding, the ALJ found that Plaintiff could perform his past relevant work as an automobile salesperson. *Id.* at 25A. Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant time period *Id.*

Although Plaintiff's depression was deemed non-severe in Defendant's final decision, the medical record is clear that Plaintiff suffered from a medically determinable mental impairment. The record contains multiple reports by several different doctors diagnosing Plaintiff with major depression. *Id.* at 419, 432-435, 438-441, 444-445, 449, 451-454, 467, 471-472, 477, 506, 698.

4

Case 4:11-cv-00086-FL   Document 18   Filed 05/18/12   Page 4 of 7

On July 7, 2004-approximately two months before the end of the relevant period—Plaintiff was diagnosed by Dr. Kathy Mayo with "major depressive disorder" and his GAF was assessed at 35.[1] *Id.* at 698.

When the ALJ determines that a claimant has a medically determinable mental impairment, the ALJ is required to follow a special technique to evaluate such impairments, as described in 20 C.F.R. § 404.1520a(b)-(e). 20 C.F.R. § 404.1520a(a). *See also*, Sturdivant v. Astrue, 2012 WL 642541, * 4-5 (E.D.N.C. , Feb. 1, 2012). Under the special technique, an ALJ is to rate the degree of a claimant's functional limitation in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The first three functional areas are rated on a five-point scale: none, mild, moderate, marked, and extreme. *Id*. at § 404.1520a(c)(4). A four-point scale is used to rate the fourth functional area: none, one or two, three, and four or more. *Id*. The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity. *Id*.

The ALJ is also required to document in his decision his application of the special technique. *Id*. § 404.1520a(e). Specifically, an ALJ's written decision "must incorporate the pertinent findings and conclusions based on the technique" and "must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." *Id* at § 404.1520a(e)(2). The decision must also include a specific finding as to the degree of limitation in each of the four functional areas. *Id*.

---

1 A GAF of 35 indicates some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work). Diagnostic and Statistical Manual of Mental Disorders, p. 34. (4th Ed., Text Revision 2000).

Here, the ALJ does not provide the ratings required by the special technique. Although, portions of the ALJ's decision indicate that he gave some consideration to Plaintiff's limitations in functional areas addressed by the special technique, (Tr. 18-21), these findings are insufficient. Plaintiff did not receive the benefit of the full evaluation of his mental impairments that the special technique requires. For example, the ALJ found that "claimant had no functional limitations resulting from his depression from his alleged onset date through his date last insured." *Id.* at 18-19. This determination demonstrates that the ALJ did not make the type of refined analysis that the special technique compels.

Where the claimant has presented a colorable claim of mental impairment, as here, the failure to incorporate the special technique into the ALJ's decision warrants remand for further proceedings. <u>Sturdivant</u>, 2012 WL 642541, * 5. Therefore, the ALJ's failure to apply the special technique requires remand of this case.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-11) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-15) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, May 17, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE